UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAGISTRATE JUDGE
VITUNAC

Case No.       -Civ-       /Magistrate

**06-80667**   CIV-RYSKAMP

ROBERT MARTIN, and all
similarly situated individuals,

        Plaintiff(s),

-vs-

NITV, LLC, a Florida limited
liability corporation

        Defendant.

**COMPLAINT**

Plaintiff ROBERT MARTIN, through counsel, file this Complaint against Defendant, NITV, LLC, on his own behalf and for all similarly situated individuals, and state:

## INTRODUCTION

1.     This is a proceeding for monetary damages to redress the deprivation of rights secured by the Plaintiff by the maximum hour/overtime provision of Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq., ("FLSA").

## JURISDICTION/VENUE

2.     The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3.     Venue is proper pursuant to 28 U.S.C. §1391 as all the activities giving rise to the claims took place in Palm Beach County, Florida.

## PARTIES

4.     At all times material hereto, Plaintiff was and continues to be a resident of Florida.

5.     At all times material hereto, Plaintiff was an employee of Defendant NITV, LLC, within the meaning of the FLSA.

6.     At all times material hereto, the work performed by the Plaintiff was directly

essential to the business performed by Defendant NITV, LLC.

7.      Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

8.      At all times material hereto, Defendant NITV, LLC was and continues to be a corporation organized under the laws of the State of Florida, doing business in Palm Beach County, Florida.

9.      At all times material hereto, Defendant NITV, LLC was the employer or former employer of the Plaintiff.

10.     At all times material hereto, Defendant NITV, LLC was and continues to be "enterprise(s) engaged in commerce" within the meaning of the FLSA.

11.     At all times material hereto, by virtue of the work performed by Plaintiff, Defendant NITV, LLC was engaged in commerce within the meaning of the FLSA.

## FACTS

12.     In or around May 1997, Plaintiff ROBERT MARTIN was hired to work as an instructor by Defendant NITV, LLC   In this position, Plaintiff ROBERT MARTIN was responsible for training clients of Defendant NITV, LLC on how to operate a Computer Voice Stress Analyzer.

13.     During the entire time Plaintiff was employed by Defendant NITV, LLC, he worked in excess of 40 hours per week.

14.     Defendant NITV, LLC failed to compensate Plaintiff at a rate of one and one-half times his regular hourly rate for the hours he worked in excess of forty.

15.     Plaintiff was not an exempt employee as defined by FLSA, and, therefore, he should have been compensated at the statutory rate of time and one-half for all hours that he worked in excess of forty.

16.     At no time during Plaintiff's employment with Defendant NITV, LLC did he ever have the authority to hire or fire other employees, or make decisions as to the advancement, promotion, or change of status of employees.

17.     At all times material hereto, Plaintiff did not perform work directly related to the management policies of Defendant NITV, LLC.

18.     At all times material hereto, Plaintiff's duties did not require regular and customary "exercise of discretion and independent judgment" with respect to matters of consequence as those terms are defined within the Wage and Hour Regulations promulgated by the United States Department of Labor.  Additionally, Plaintiff did not have the authority or power to make independent choices free from immediate direction or supervision with respect to matters of some significance during his employment with Defendant NITV, LLC.

19.     Defendant NITV, LLC violated Title 29 U.S.C. §207, from the first week of Plaintiff's employment through to his last week of employment, in that:

    a.     Plaintiff worked in excess of the maximum hours provided by the FLSA throughout his employment with Defendant NITV, LLC;

    b.     No provisions were ever made by Defendant NITV, LLC to properly pay Plaintiff at the statutory rate of time and one-half for the aforementioned hours that he worked in excess of the maximum hours provided by the FLSA; and

    c.     No payments were made to Plaintiff by Defendant NITV, LLC at the statutory rate of time and one-half for the aforementioned hours in excess of the maximum hours provided by the FLSA.

20.     Plaintiff has retained the undersigned law firm to represent him in this litigation and has agreed to a reasonable fee for its services.

## COUNT I
### (Violation of 29 U.S.C. §207, Overtime Compensation)

21.     Plaintiff realleges and incorporates paragraphs 1-20 as if fully set forth therein.

22.     Plaintiff's compensation for his employment with Defendant NITV, LLC was based on a salary.

23.     From his first week of employment with Defendant NITV, LLC, and continuing

through to his last, Plaintiff worked in excess of 40 hours per week for which he was not compensated at the statutory rate of time and one-half.

24.   Plaintiff was entitled to be paid at the rate of time and one-half for all hours he worked in excess of the maximum hours provided for in the FLSA.

25.   Records, if any, concerning the actual number of hours worked by Plaintiff and the actual compensation paid to the Plaintiff are in the possession, care, custody and control of Defendant NITV, LLC. Plaintiff is unable to state at this time the exact amount due him as a direct and proximate result of the violation of the FLSA by Defendant NITV, LLC Plaintiff intends to obtain such information by appropriate discovery proceedings to be taken promptly in this case, and, if necessary, he will seek leave of court to amend this Complaint to set for the precise amount due.

26.   Defendant NITV, LLC knew of and/or showed reckless disregard for the provision of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of time and one-half for all hours he worked in excess of forty (40) hours per week when it knew or should have known such was due.

27.   Furthermore, Defendant NITV, LLC failed to properly disclose or apprize Plaintiff of his rights under the FLSA.

28.   As a direct and proximate result of the willful disregard of the FLSA by Defendant NITV, LLC, Plaintiff is entitled to liquidated damages.

29.   Due to the intentional, willful, and unlawful acts of Defendant NITV, LLC, Plaintiff has suffered lost wages, plus an equal amount as liquidated damages.

30.   Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant NITV, LLC:

a.   Declaring, pursuant to 28 U.S.C. §2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provision of the

4

FLSA;

b.     Awarding Plaintiff overtime compensation;

c.     Awarding Plaintiff liquidated damages;

d.     Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. §216(b);

e.     Awarding Plaintiff post-judgment interest; and

f.     Ordering any other further relief this Court deems to be just and proper.

## COUNT II

### (Overtime Compensation 29 U.S.C. §216(b) – Statutory Class Action)

31.     Plaintiff realleges and incorporates paragraphs 1-20 as if fully set forth herein.

32.     Plaintiff brings this action on behalf of himself and other employees and former employees of Defendant NITV, LLC similarly situated for overtime compensation and other relief pursuant to the FLSA, as amended, 29 U.S.C. §216(b).

33.     The additional persons who may become Plaintiffs in this action are non-exempt employees of Defendant NITV, LLC who worked in excess of forty (40) hours during any work week and who were not paid time and one-half as mandated by 29 U.S.C. §207.

34.     Records, if any, concerning the actual number of hours worked by the current and former employees of Defendant NITV, LLC and the actual compensation paid to those individuals similarly situated to Plaintiff are in the possession, care, custody and control of Defendant NITV, LLC Plaintiff is unable to state at this time the exact amount due and owing each similarly situated employee. Such information will be obtained by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will seek leave of court to amend this Complaint to set forth the precise amount due each Plaintiff.

35.     All similarly situated employees are owed their overtime rates for each overtime hour each employee worked and was not paid at the statutory rate of time and one-half.

36.     Due to the intentional, willful, and unlawful acts of Defendant NITV, LLC, all similarly situated employees have suffered damages and will continue to suffer damages and

5

incur attorney's fees and costs.

37.     As a direct and proximate result of the willful disregard for the FLSA, by Defendant NITV, LLC all similarly situated employees are entitled to liquidated damages in an amount equal to the amount by which each similarly situated employees or former employees have been damaged.

WHEREFORE, those similarly situated employees and former employees who have or will opt into this action demand that judgment be entered in their favor against Defendant NITV, LLC:

a.     Declaring, pursuant to 28 U.S.C. §2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provision of the FLSA;

b.     Awarding Plaintiffs overtime compensation;

c.     Awarding Plaintiffs liquidated damages;

d.     Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. §216(b);

e.     Awarding Plaintiffs post judgment interest; and

f.     Ordering any other further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demand trial by jury on all issues so triable as of right by jury.


Arthur Schofield, Esq.
ARTHUR T. SCHOFIELD, P.A.
Via Jardin
330 Clematis Street, Suite #207
West Palm Beach, Florida 33401
(561) 655-4211
Fax #(561) 655-5447
Fla. Bar No. 984434

ATTORNEY FOR PLAINTIFF

%JS 44   (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

ROBERT MARTIN, and all similarly situated individuals

## DEFENDANTS

NITV, LLC, a Florida limited liability corporation

**(b)** County of Residence of First Listed Plaintiff   Seminole
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Arthur T. Schofield, P.A.
330 Clematis Street, Suite 207
West Palm Beach, Florida 3
(561) 655-4211  Fx: (561)

Attorneys (If Known)

06-80667

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☑ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☑ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

9:06CV80667-Ryskamp
Vitunac

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☑ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Re-filed- (see VI below)
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO       b) Related Cases ☐ YES ☑ NO

JUDGE                                DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

29 U.S.C. sec. 201 Overtime Wage Claim

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  7/11/06

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 537649   IFP