UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80667-CIV-RYSKAMP/VITUNAC

ROBERT MARTIN, on his own
behalf and other similarly situated,

                Plaintiff,

v.

NITV, LLC, a Florida limited
liability corporation,,

                Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE comes before the Court upon Defendant's motion for summary judgement **[DE 21]** filed on April 2, 2007. Plaintiff responded **[DE 31]** on April 16, 2007. Defendant replied **[DE 34]** on April 23, 2007. This Court held a hearing on April 24, 2007. The motion is now ripe for adjudication.

**I. Introduction**

This is an action for recovery under the FLSA for overtime hours allegedly worked by Plaintiff. Plaintiff argues that Defendant failed to properly compensate him for the hours he worked in excess of forty hours per week. As such, the action is properly brought before this Court pursuant to its federal question jurisdiction.

Defendant sells a Computer Voice Stress Analyzer, which functions similarly to a polygraph. In addition to selling this device, Defendant provides training on how to operate its machine. Plaintiff alleges that Defendant hired him as an employee in May 1997 as an instructor. At the time, Plaintiff was a retired police detective. Plaintiff's employment with Defendant required that he train individuals on the proper operation of the machine.

The Complaint alleges two counts against Defendant. The first count alleges a violation of the FLSA for Defendant's alleged failure to properly pay Plaintiff his overtime wages. The second count alleges the same FLSA violation as a class-action. Plaintiff agrees that Defendant's summary judgement motion should be granted as to count two only.

## II.     Discussion

Subject to a number of exceptions, the FLSA requires certain employers to pay its employees time and one-half for any hours worked over forty hours per week. 29 U.S.C. § 207(a)(1). In this motion, Defendant argues that Plaintiff was an exempt employee and therefore is not eligible to collect overtime wages. Alternativly, Defendant argues that it is not required to abide by the FLSA because Plaintiff was working in a professional capacity. Because Defendant's first argument is dispositive, it is unnecessary to address the second point.

### A.     Summary Judgment Standard

A party is entitled to judgment as a matter of law when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should be entered only when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *See Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir. 1983). Summary judgment is mandated when a plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must construe all facts and

draw all reasonable inferences in favor of the non-moving party. *HCA Health Services of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). The non-moving party bears the burden of coming forward with evidence of each essential element of their claims, such that a reasonable jury could find in his favor. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *See Celotex*, 477 U.S. at 322.

B. **Plaintiff is an Exempt Employee**

The FLSA does not apply to independent contractors. Courts must therefore determine whether one is, as a matter of economic reality, an employee who is afforded the protections of the FLSA, or an independent contractor, who is not. *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728 (1947). Courts look to a number of different factors to make this determination: (1) the nature and extent of the employer's control over the manner in which the work was to be preformed; (2) the extent that the employee could control his profit or loss based upon his skill level; (3) the employee's investment in equipment, materials, or his employ of other employees to complete the job; (4) whether a special skill is required to complete the job; (5) the degree of permanency and duration of the working relationship;(6) how integral the employer's job is to the employer's business; and most significantly, (7) whether the employee is economically dependent on the employment. *Freund v. Hi-Tech Satellite, Inc.*, 185 Fed.Appx. 782, 783 (11th Cir. 2006). These factors are a guide; the existence of any one factor is not determinative.

Using the above factors as a guide, this Court holds that Plaintiff was an independent contractor and therefore is not eligible for overtime pay under the FLSA. First, Plaintiff was issued IRS form 1099 each year, a form that independent contractors must complete for their

yearly taxes. That form includes a statement saying that if the individual believed that they were an employee rather than an independent contractor, then the individual should contact his employer. Plaintiff never contacted his employer to contest his status as an independent contractor. Plaintiff also classified himself as an independent contractor on his taxes and deducted substantial business expenses each year. Plaintiff also signed an Instructor Agreement with Defendant wherein he agreed that he was working as an independent contractor.

Second, Defendant provided Plaintiff with all of his teaching materials and equipment. In regards to the teaching materials, although the course was scripted, Plaintiff had discretion to explain concepts in his own way and had discretion on how to answer student questions. In regards to the equipment, Plaintiff was able to use the provided equipment for jobs outside of his teaching responsibilities. For instance, Plaintiff could use the machine to provide testing services for paying clients. Additionally, Plaintiff could use all of the provided materials to provide training classes sponsored by regional associations wherein the association would pay the teacher directly and Defendant would not profit from those sessions. Moreover, Plaintiff was highly qualified for this position in light of his many certifications and his many years serving with the police department.

Third, although Defendant did guarantee each teacher at least twelve classes per year, the teacher could opt to teach as many classes as he wished. Instructors were paid a flat rate for each class that they taught depending on the number of students in a class and for how many days the class was scheduled.

Taken together, these facts indicate that Plaintiff was an independent contractor. He had discretion in performing his job duties, he was highly qualified for the specialized position, he indicated in a contract with Defendant and on his IRS tax forms that he was an independent

contractor and he was able to use the equipment and materials that Defendant provided to him for income independent of what he earned from teaching. Thus, summary judgment should be granted in favor of the Defendant.

**III.    Conclusion**

ORDERED AND ADJUDGED that Defendant's motion for summary judgment **[DE 21]** is GRANTED. An order of final judgement and closing case will be entered by separate order.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 29 day of May, 2007.

>         /s/ Kenneth L. Ryskamp
> KENNETH L. RYSKAMP
> UNITED STATES DISTRICT JUDGE

Copies to:
All counsel of record